UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sabrina D. Davis, | C/A No. 6:08-1024-RBH-WMC |
| Plaintiff, | |
| vs. | **Report and Recommendation** |
| KIA of Greer, | |
| Defendant. | |

### *Background of this Case*

The plaintiff is a resident of Taylors, South Carolina. The plaintiff has brought a diversity action for breach of contract against an automobile dealership. The "Statement of Claim" portion of the complaint is concise:

> BREACH OF CONTRACT INVOLVING AN AUTO WARRANTY. WHEN VEHICLE WAS PURCHASED IT CAM WITH A 100,000 MILE POWERTAIN [*sic*] WARRANTY GUARANTEED BY KIA OF GREER VIA KIA MOTORS. VEHICLE AT PRESENT HAS 79,215 MILES AND WAS PRESENTED TO KIA OF GREER WITH MECHANICAL PROBLEMS ON APRIL 6, 2007. PROBLEM WAS DIAGNOSED AND IT WAS DETERMINED THAT VEHICLE NEEDED A NEW ENGINE. KIA MOTORS REFUSED TO HONOR WARRANTY CITING LACK OF DOCUMENTATION OF ALL NECESSARY OIL CHANGES AND MAINTENANCE UPKEEP.

(Complaint, at page 3). In her prayer for relief, the plaintiff seeks eighty thousand dollars ($80,000) "FOR LACK OF TRANSPORTATION, STRESS, ECONOMIC HARDSHIP DUE TO LACK OF TRANSPORTATION." (Complaint, at page 5).

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The plaintiff is a *pro se* litigant, and thus her pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition or complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), *cert. denied*, *Pinkley, Inc. v. Servacek*, 528 U.S. 1155 (2000) (*citing Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895)). Accordingly,

3

a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352. *See also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399 (*citing* 2 *Moore's Federal Practice* § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id*.

Breach of Contract, breach of contract accompanied by fraudulent act, and negligence are causes of action under South Carolina law. *See Johnson v. Key Equipment Finance*, 367 S.C. 665, 627 S.E.2d 740 (2006); *McCarter v. Willis*, 299 S.C. 198, 383 S.E.2d 252, 253-54 (S.C.Ct.App. 1989); *Player v. Chandler*, 299 S.C. 101, 382 S.E.2d 891, 893 (1989); *Edens v. Laurel Hill, Inc.*, 271 S.C. 360, 247 S.E.2d 434, 435-36 (1978);

*Hughes v. Edwards*, 265 S.C. 529, 220 S.E.2d 231, 234 (1975); and *Stein v. Xepapas*, 204 S.C. 239, 246, 29 S.E.2d 257, 259 (1944).  The tort of "outrage"[3] is actionable under South Carolina law.  *See Frazier v. Badger*, 361 S.C. 94, 104, 603 S.E.2d 587, 592 (2004); and *Ford v. Hutson*, 276 S.C. 157, 276 S.E.2d 776 (1981) (recognizing cause of action, citing "with approval" four elements for cause of action adopted by the Supreme Court of Maine, and "adopt[ing] the rule of liability stated in § 46 of the Restatement (Second) of Torts relating to intentional infliction of emotional distress").

A state law cause of action would be cognizable in this federal court under the diversity statute, if that statute's requirements are satisfied.  *Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *affirmed*, *Cianbro Corporation v. Jeffcoat and Martin*, 10 F.3d 806 [Table], 1993 U.S.App. LEXIS® 30080, 1993 WESTLAW® 478836 (4th Cir., Nov. 22, 1993).  The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332.  Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side.  *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978).

---

[3] The tort of "outrage" is the term, under South Carolina law, for the intentional infliction of emotional distress.  *Ford v. Hutson*, 276 S.C. 157, 276 S.E.2d 776 (1981).

A search of records on the LEXIS® service reveals that "KIA of Greer" is the business name of a corporation. For example, a UCC financing statement registered in the South Carolina Secretary of State Office reveals that the corporation operating as "KIA of Greer" is actually:

> MCE CARS, INC. D/B/A/ KIA OF GREER
> 502 East Wade Hampton BLVD.
> GREER, SC 29651

(UCC Financing Statement No. 050713-0955374, quotation downloaded from the LEXIS® service on March 25, 2008).

Moreover, information available from the South Carolina Secretary of State Office on the LEXIS® service shows that MCE Cars, Inc., is a *South Carolina* corporation:

> SOUTH CAROLINA SECRETARY OF STATE
>
> COMPANY NAME: MCE CARS, INC.
>
> Type: DOMESTIC CORPORATION (PROFIT)
>
> Status: GOOD STANDING
>
> Filing Date: 11/18/2002
>
> Date of Incorporation/Qualification: 11/18/2002
>
> State or Country of Incorporation: SOUTH CAROLINA
>
> Registered Agent: J R HUTCHINSON
>
> Registered Office:  504 E WADE HAMPTON BLVD, GREER, SC 29651
>
> Internal Number: 89178

(South Carolina Secretary of State Office Database, quotation downloaded from the LEXIS® service on March 25, 2008).

The diversity statute[4] provides that a corporation is a citizen of the state of its incorporation and of the state in which it has its principal place of business:

> (c) For the purposes of this section and section 1441 of this title—
>
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business; and
>
> (2) the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

28 U.S.C. § 1332(c). MCE Cars, Inc., which does business under the name "KIA of Greer," is a citizen of South Carolina because it is incorporated in South Carolina. 28 U.S.C. § 1332(c).

Complete diversity of parties is absent in this case because the plaintiff and the defendant are both citizens of South Carolina. *See* 28 U.S.C. 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Hence, this federal court lacks subject matter

---

[4] New provisions were added to the diversity statute in 2005 when the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005), was enacted. Those provisions are not applicable in the case *sub judice*.

7

jurisdiction over the above-captioned case.  *See* Fed. R. Civ. P. 12(h)(3), which provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process.  *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)].  *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous.  Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources.").  The plaintiff's attention is directed to the important Notice on the next page.

March 27, 2008                               s/William M. Catoe
Greenville, South Carolina                   United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that she may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).